BARKER, ROGER A., Associate Judge.
This timely appeal is a consolidation, pursuant to an order of this court, of two cases that were consolidated for trial. Appellants, defendants below, seek review of adverse final judgments of the circuit court, sitting without jury, in actions based upon “burglary” insurance issued by appellant-companies. Appellants, although represented by counsel at trial, submitted no evidence.
Appellee was a wholesale appliance dealer with a warehouse located on 19th Street in Tampa» Florida. On May 17, 1963, the general manager of Spicola Appliance Company received a telephone call pursuant to which he requested the Tampa police to keep a surveillance of the company’s warehouse.
Between May 20, 1963 and May 30, 1963, all windows and doors were checked and secured. On May 30, 1963, the police apprehended two men who had been employees of appellee until February 1, 1963. These two men were observed after 8:00 o’clock P.M. going to the rear of the warehouse in an empty pick-up truck and returning in about 30 minutes with objects under a tarpaulin. They were stopped and the large objects found in the truck were two color television sets and one portable teler vision set; also, there were two pairs of gloves and a flash light.
After conversations with the two former employees the police officers went directly to the window in question and shoe prints of the type worn by the suspects were found below the window on the ground as well as inside the warehouse on a platform under the window in question. There was a warehouse door next to the window. Fragments of glass were found under the window. A protective iron bar was missing from the window. There was evidence from the points where the iron bar had been *899 secured that it had been cut or sawed. The metal points were rusty. The window was broken but no glass was found. The iron bar could not be found. One could obtain ingress to the warehouse by climbing a large pipe and going through the window. Though on the outside the window was some distance from the ground, on the inside of the building there was a platform built which would permit a person entering through the window to stand up and then go to the ground floor by a ladder inside of the building. There were tire tracks on the grass back of the warehouse indicating a motor vehicle had been in the area near the window on a number of occasions.
The evidence discloses that in the course of its usual business practice appellee kept a perpetual inventory set of records. An inventory of television sets was taken in the middle of March 1963 and all sets were accounted for. After receiving a telephone call on May 17, 1963, Mr. Spicola caused a spot inventory to be taken and it was then determined that 48 or 49 television sets were missing. This precipitated the request to the Tampa police to place the warehouse under surveillance. After the arrest of the two suspects a complete inventory was taken of the television sets the next day. It was then determined there were 49 television sets missing from stock. Proofs of loss were duly filed with each of the respective appellants. Plowever, each denied liability under the terms of their respective policies. Under the terms of each policy each insurer agreed to pay for loss by burglary while the premises were not open for business. Each policy had the identical definitions of burglary as follows:
“Burglary means the felonious abstraction of insured property from within the premises by a person making felonious entry therein by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry.”
A careful analysis of the assignment of errors, the record, the briefs, and oral argument of counsel fails to reveal any error was committed by the Court below.
The circumstantial evidence related above is legally sufficient to premise the verdict in favor of appellee by the trier of the facts.
Appellants contend that the lower court was in error in that by the terms of the definition of burglary embodied in the policies the parties intended that only those losses would be covered where the loss was related to actual force and violence resulting in visible marks made by tools, etc., whereas the lower court found there were multiple entries occasioned initially by the use of tools and subsequently by the opening of the window. In' other words, ap-pellees admit their respective liabilities under their policies for the initial breaking and entering provided the loss occasioned thereby could be ascertained. However, as to the subsequent entries not evidenced by marks, such losses incurred thereby, even though ascertained, are not covered under the policies.
The subsequent entries made by the burglars were the direct proximate result of the initial entry. The losses resulted directly and proximately from the initial breaking and entering. Such losses are clearly within the definition and are covered.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.